

On the coming in of the commissioner's report, exceptions were taken by the bankrupt [John Ely] to the competency of the opposing party to the objections on the ground that she was not a creditor. On the 9th March, 1835, the bankrupt executed a bond and mortgage to Mrs. Traphagen. She assigned the bond and mortgage to Bernard L. Simpson, May 1, 1836, to secure a debt owing him, and also the payment of rent, &c., on premises leased of him, and stipulated that the assignment should become absolute on her failing to pay. Simpson assigned his interest therein to Mr. Cram, May 14th. In 1841, Cram sued the bond in the name of Mrs. T., and recovered judgment; his claims against Mrs. T. would absorb the judgment within about $200. Messrs. Grahams prosecuted a creditor's bill against Mrs. T., and April 12, 1841, she assigned to a receiver in that suit, all her estate, effects, interests, &c., &c., but she is contesting the creditor's bill with the complainants, and the case yet remains undecided between them. The court held, that the assignment to Simpson, notwithstanding the absolute clause on her default to pay, was only by way of security, and did not render the bond his property, or that of his assignee. That the assignment of Mrs. T. under the creditor's bill, only placed her effects in the custody of the law, and did not transfer her title so entirely but that she possessed an interest dependent only upon the termination of the chancery suit in her favor. If in judgment of law, she no longer stood in the relation of creditor to the bankrupt, she was interested in obtaining the whole debt from him, as that would increase the funds passed to the receiver in extinguishment of the claim in chancery, and furthermore, because if that bill is displaced, equity would secure the restoration of the fund to her. The act [of 1841 (5 Stat. 440)] authorizes creditors who have proved their debts, and other persons in interest, to oppose the discharge, and in the one character or other she makes out a clear title to file the objections. Exceptions overruled.

E. H. Ely, for bankrupt.
Benedict & Belknap, for creditors.

## Case No. 4,429.

### In re ELY.

[1 N. Y. Leg. Obs. 343.]

District Court, S. D. New York. Dec. 31, 1842.

W. Skidmore, for bankrupt.
Carter, Edgerton, Schell, Mason, Marbury & Low, for creditors.

BETTS, District Judge. Previous to the petition by creditors, filed June 17, 1842, to obtain a decree of bankruptcy, the bankrupt assigned all his real and personal estate to be applied amongst his creditors pro rata, and without preference. The first deed of assignment was executed the 26th day of May, and the second the 14th day of June, 1842. These were no unlawful preferences by the bankrupt, which bar his discharge. Whether the assignees can hold and distribute the property under the trusts, or it passes by the decree of bankruptcy to the official assignee, is not a question now necessary to decide. The objection, that it amounts to a fraudulent preference is not sustained. The act of bankruptcy committed by the debtor, and the only one charged in the petition, was concealing himself to avoid being arrested, &c. This is not one of the particulars made by the act a cause for denying the bankrupt a discharge and certificate: no mere act of bankruptcy, not of fraudulent character, can have that effect under the statute. This objection is therefore untenable.

The bankrupt has not filed an inventory of his estate, or list of his creditors, &c., and that is alleged as another ground why he should not receive his discharge. The statute does not enjoin this proceeding in the case of compulsory bankruptcy. It is made necessary that the voluntary bankrupt should do it in order to obtain a decree of bankruptcy, but with that class of bankrupts it is not part of the procedure consequent upon such decree, and necessary to obtain a discharge. It might be meet and convenient that the practice should be so in regard to bankrupts, declared such in compulsory proceedings, but no provisions of the act, and no rule of the court enjoins it, and accordingly the party here has been guilty of no default in the omission. The objections are all overruled, and disallowed.